IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **KENNIS EARL GATSON, # 1702500,** ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. 3:18-CV-974-M (BH) |
| ) | |
| **LORIE DAVIS, Director,** ) | Referred to U.S. Magistrate Judge |
| **Texas Department of Criminal** ) | |
| **Justice, Correctional Institutions** ) | |
| **Division,** ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2254 should be **DENIED** with prejudice.

**I. BACKGROUND**

Kennis Earl Gatson (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction for aggravated sexual assault with a deadly weapon, enhanced by two prior felony convictions. The respondent is Lorie Davis, Director, TDCJ-CID (Respondent).

**A.    State Court Proceedings**

Petitioner was charged with aggravated sexual assault with a deadly weapon, and two prior felony convictions were alleged for the enhancement of punishment. (*See* doc. 20-1 at 5.) A jury found him guilty, and he was sentenced to seventy-five years' confinement. (*See id.* at 41-42.) On May 30, 2012, the Fifth District Court of Appeals affirmed the judgment. (*See* http://www.search.txcourts.gov/Case.aspx?cn=05-11-00392-CR&coa=coa05.)

On October 24, 2012, the Texas Court of Criminal Appeals (TCCA) refused Petitioner's petition for discretionary review ( PDR ). (*See id.*)  He filed an application for state writ of habeas corpus on September 11, 2013.  (*See* doc. 21-23 at 6-17.)  It was denied by the TCCA on March 21, 2018, without a written order on the findings of the trial court without a hearing. (*See* doc. 21-14.)

**B.     Substantive Claims**

Petitioner's habeas petition, received on April 13, 2018, appears to raise these grounds:

(1) Counsel's ineffectiveness constructively denied Petitioner counsel, so prejudice should be presumed under *United States v. Cronic*, 466 U.S. 648 (1984);

(2)  Counsel was ineffective for failing to:

    (a) investigate;

    (b) cross-examine or call witnesses; and

    (c) develop a defense at sentencing; and

(3) Petitioner is actually innocent due to his counsel's failure to request further DNA testing. (*See* doc. 3 at 6; doc. 10 at 14-22.) Respondent filed a response on September 5, 2018. (*See* doc. 22). Petitioner filed a reply on September 25, 2018. (*See* doc. 23.)

## II.  APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996.  Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date.  *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed his petition after its effective date, the Act applies.

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions. Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

2

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law within the meaning of § 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). As for the "unreasonable application" standard, a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams*, 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; *accord Penry*, 532 U.S. at 793. As a condition for obtaining habeas corpus relief from a federal court, a state prisoner must show

that the state court s ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement. *Harrington v. Richter*, 562 U.S. 86, 102 (2011). A petitioner must show that there was no reasonable basis for the state court to deny relief. *Id*. at 98.

A federal district court must be deferential to state court findings supported by the record. *See Pondexter v. Dretke*, 346 F.3d 142, 149-152 (5th Cir. 2003). The AEDPA has modified a federal habeas court's role in reviewing state prisoner applications to prevent federal habeas "retrials and to ensure that state court convictions are given effect to the extent possible under law. *Beel v. Cone*, 535 U.S. 685, 693 (2002); *see Williams*, 529 U.S. at 404. A state application that is denied without written order by the Texas Court of Criminal Appeals is an adjudication on the merits. *Singleton v. Johnson*, 178 F. 3d 381, 384 (5thCir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Grim. App. 1997) (holding a denial signifies an adjudication on the merits while a "dismissal" means the claim was declined on grounds other than the merits).

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment to the United States Constitution provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for

4

his defense." U.S. Const. art. VI. It guarantees a criminal defendant the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his or her defense. *Id.* at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id*. at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694; *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

To show prejudice in the sentencing context, Petitioner must demonstrate that the alleged deficiency of counsel created a reasonable probability that his or her sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"). One

cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are insufficient to obtain relief. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d at 282 (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

A.      *Cronic* **standard**

Petitioner appears to argue that he was constructively denied counsel based on his counsel's ineffectiveness, so prejudice should be presumed under *United States v. Cronic*, 466 U.S. 648 (1984). (*See* doc. 3 at 6; doc. 10 at 16.)

In *Cronic*, the Supreme Court recognized that a defendant might be constructively denied counsel even though an attorney had been appointed to represent him. "A constructive denial of counsel occurs in only a very narrow spectrum of cases where the circumstances leading to counsel's ineffectiveness are so egregious that the defendant was in effect denied any meaningful assistance at all." *Gochicoa v. Johnson*, 238 F.3d 278, 284 (5th Cir. 2000) (citation omitted). Apart from a constitutional error of such magnitude that "no amount of showing of want of prejudice would cure" the error, "there is generally no basis for finding a Sixth Amendment violation" in the absence of a showing of "how specific errors of counsel undermined the reliability of the finding of guilt." *Cronic*, 466 U.S. at 659 & n.26. The presumed prejudice standard is reserved for "circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified, such as (1) a "complete denial of counsel . . . at a critical stage" of the criminal proceedings; (2) a complete failure of counsel "to subject the prosecution's case to meaningful adversarial testing"; and (3) "circumstances [that] made it so unlikely that any lawyer could provide

6

effective assistance". *See id.* at 658-662; *accord Bell v. Cone*, 535 U.S. 685, 695-96 (2002); *Austin v. Davis*, 647 F. App'x 477, 489-91 (5th Cir. 2016). The *Cronic* standard does not apply when defense counsel has merely failed to oppose the prosecution at specific points of the proceedings; it applies only when counsel has *entirely* failed to challenge the prosecution's case. *Bell*, 535 U.S. at 697. A petitioner has the burden to show that he was constructively denied counsel. *See Childress v. Johnson*, 103 F.3d 1221, 1228, 1231-32 (5th Cir. 1997).

Here, counsel actively conducted *voir dire*, (*see* doc. 20-4 at 76-112), and cross-examined the prosecution's witnesses at trial, (*see* doc. 20-5 at 58-84, 94, 102-04, 125-27, 155-59, 168-71, 185-87, 189, 198-200, 201, 208-09, 240-44, 248). He made objections during the trial, (*see* doc. 20-5 at 42, 86, 112, 197; doc. 20-6 at 20), moved for an instructed verdict of not guilty, (*see* doc. 20-5 at 249), and made a closing argument, (*see* doc. 20-6 at 10-15). Petitioner has not shown a complete failure by counsel to test the State's case, or that counsel failed to oppose the prosecution throughout the proceeding as a whole. *See Haynes v. Cain*, 298 F.3d 375, 380-81 (5th Cir. 2002) (counsel's concession of guilt in a strategic attempt to avoid the death penalty did not raise a presumption of prejudice under *Cronic*). Petitioner therefore has failed to demonstrate that he was constructively denied counsel such that the *Cronic* standard should be used in assessing counsel's performance. His claims are properly analyzed under the *Strickland* standard.

Moreover, the TCCA denied Petitioner's claim in the state habeas proceedings. He fails to demonstrate the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of facts. *Williams*, 529 U.S. at 402-03 (2000). He fails to show there was no reasonable basis for the TCCA to deny relief. *Richter*, 562 U.S. at 98.

**B.      Failure to investigate**

Petitioner asserts counsel was ineffective for failing "to investigate mitigating evidence that should have been put in front of the fact finder." (Doc. 3 at 6.)

"Counsel has a duty to make a reasonable investigation of defendant's case or to make a reasonable decision that a particular investigation is unnecessary." *Ransom v. Johnson*, 126 F.3d 716, 723 (5th Cir. 1997) (citing *Strickland*, 466 U.S. at 691). However, "[a]n applicant 'who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial.'" *Trevino v. Davis*, 829 F.3d 328, 338 (5th Cir. 2016) (quoting *Gregory v. Thaler*, 601 F.3d 347, 352 (5th Cir. 2010).

Petitioner wholly fails to meet his burden. He simply reasserts unsupported allegations from his state habeas petition that:

> had counsel interviewed the state's witnesses and experts counsel would have uncovered evidence to support [Petitioner's] claim of innocen[ce]. (a) talk with forensic experts concerning any biological evidence; (b) talked with the alleged victim. Counsel would have discovered that [Petitioner] knew her deceased room-mate and that [Petitioner] was in the CW's house with her room-mate drinking beer; (c) read the alleged victim's written statement, counsel would have known the CW was giving false testimony.

(*See* doc. 10 at 16.) Although he faults his counsel for failing to interview "the state's witnesses and experts" as well as "forensic experts concerning biological evidence," Petitioner fails to state what information or evidence those interviews would have produced. He also fails to show how interviewing the alleged victim and reading her written statement would show that she was "giving false testimony." This is insufficient to demonstrate counsel was ineffective. *Trevino,* 829 F.3d at 338. Petitioner also appears to indicate that the victim knew him because he knew her deceased roommate and had previously been in their house, but he provides no support for this statement. The victim testified under oath that she did not know the Petitioner.  (*See* doc. 20-5 at 51-52.)

8

Petitioner's unsupported claims are insufficient to demonstrate his counsel provided ineffective assistance. *See id.*; *see also Schlang v. Heard,* 691 F.2d 796, 799 (5th Cir. 1982) (stating that conclusory claims are insufficient to entitle a habeas corpus petitioner to relief). Nor has he shown that he was prejudiced due to counsel's alleged actions. *Strickland,* 466 U.S. at 694.

> Additionally, Petitioner's counsel's affidavit in the state habeas proceedings stated:
>
> I was appointed to represent [Petitioner] by the Honorable Michael Snipes. I met with [Petitioner] on several occasions and each of which he denied guilt and wanted to fight the charges. I explained the points in his favor as well as the factors against him.
>
> As [Petitioner] and I prepared for trial, the main focus of our defense was to put the States of Texas to its burden of proving [Petitioner] guilty beyond a reasonable doubt. This strategy was developed because of a number of factors.
>
> First, [Petitioner] had no alibi witnesses that could place him at a different location at the time of the offense. Once, I informed him that if he took the stand and testified, his prior felony convictions would be admissible. Furthermore, [Petitioner] made the decision very early in the process that he wanted to invoke his fifth amendment right not to testify. Additionally, although not an absolute, there was a bit of apprehension in putting his character at issue. Although he had no prior sex crimes; he did have a prior burglary of a habitation that was part of what took place in this case.
>
> We weighed those factors against the fact that the complainant could not identify [Petitioner]. Although she claimed her and [Petitioner] were alone together for approximately two hours, she was still not able to identify him. She described having a lengthy conversation with him and then drinking a beer together but could not identify him. The forensic evidence was some good some bad. Based on these factors and other we believed reasonable doubt had been raised.
>
> In this case, every decision I made I fully explained to [Petitioner] why I handled each piece of evidence a particular way and the strategy behind it. [Petitioner] was never left in the dark about anything in this matter.

(Doc. 21-22 at 9-10.) Denying Petitioner's claim in the state habeas proceedings, the TCCA stated:

> [Counsel] advised [Petitioner] of every decision he made and why he made that decision and handled a particular piece of evidence in a certain manner and his strategy behind his actions.

9

> Further, [Petitioner] fails to state what further investigation would have shown. While [Petitioner] points out numerous things counsel did or failed to do during trial, [counsel] states that he advised [Petitioner] why he was taking that action and explained his reasons for doing so. Counsel's acts were a matter of trial strategy. Further, [Petitioner] has failed to state how the case would have differed had counsel done what [Petitioner] asserts should have been done.

(Doc. 21-22 at 6-7.) Petitioner fails to demonstrate the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of facts. *Williams*, 529 U.S. at 402-03 (2000). He fails to show there was no reasonable basis for the TCCA to deny relief. *Richter*, 562 U.S. at 98.

### C.   Failure to cross-examine or call witnesses

Petitioner argues counsel was ineffective for "fail[ing] to . . . cross-examine witnesses or call any witnesses for the defense." (Doc. 10 at 14.) In his state habeas petition, Petitioner listed this issue only under his general claim that his counsel's representation fell below the *Cronic* standard. *See* doc. 21-23 at 12. He did not raise it as an independent claim. A petitioner must fully exhaust state remedies by fairly presenting the factual and legal basis of any claim to the highest state court for review before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b); *Johnson v. Cain*, 712 F.3d 227, 231 (5th Cir. 2013). Because Petitioner did not raise the claim as an independent ground in his state habeas application, it appears to be unexhausted. Because he tangentially raised the issue in his state habeas petition, however, the merits of the issue are also addressed.

Although Petitioner argues his counsel failed to cross-examine witnesses, he does not identify any specific witness his counsel failed to cross-examine, much less how he was prejudiced by the alleged failure. (*See* doc. 10 at 14.) This conclusory argument is insufficient to provide habeas relief. *See Miller*, 200 F.3d at 282; *Schlang,* 691 F.2d at 799; *Woods*, 870 F.2d at 288 n.3.

Similarly vague is Petitioner's claim that counsel was ineffective for failing to call any

10

witnesses for his defense. He does not identify any witnesses, either in his federal habeas petition or memorandum that his attorney should have called. (*See generally* doc 3, doc. 10.) In his reply brief, Petitioner states for the first time that "his mother would have proved the petitioner did not commit the sexual assault and counsel failed to present it to the jury." (Doc. 23 at 13.) Courts may decline to consider ineffective assistance of counsel claims asserted for the first time in a reply. *See Bonds v. Quarterman*, No. 4:07-CV-674, 2008 WL 4367294, at *3 n. 1 (citing *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); *see also United States v. Cervantes*, 132 F. 3d 1106, 1111 (5th Cir. 1998). Even if considered, however, it lacks merit. A petitioner who alleges ineffective assistance of counsel for failing to call a witness must "name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense." *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir.2009). Petitioner does not show that his mother was available to testify, or would have done so, or the content of her proposed testimony. *See* doc 23 at 13. This is insufficient to demonstrate counsel provided ineffective assistance. *Day*, 566 F.3d at 538.

Moreover, to the extent the issue was raised in Petitioner's *Cronic* claim in his state habeas petition, the TCCA denied the claim. Petitioner fails to demonstrate the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of facts. *Williams*, 529 U.S. at 402-03 (2000). He fails to show there was no reasonable basis for the TCCA to deny relief. *Richter*, 562 U.S. at 98.

**D.     Failure to develop a defense at sentencing**

In his § 2254 petition, Petitioner argues that "counsel did not develop a defense at sentencing." (Doc. 3 at 6.) In his memorandum, he specifically alleges that his counsel . . . "failed to cross-examine the alleged victim at sentencing and call any witnesses on Petitioner's behalf at

11

sentencing." (Doc. 10 at 6.) As explained above, Petitioner's general claim that his counsel failed to call witnesses on his behalf is insufficient to demonstrate counsel provided ineffective assistance. *Day*, 566 F.3d at 538; *see also Sayre v. Anderson*, 238 F.3d 631, 635-36 (5th Cir. 2001) ("Complaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what a witness would have testified are largely speculative. . . . Where the only evidence of a missing witnesses' testimony is from the defendant, this Court views claims of ineffective assistance with great caution.") (citations omitted.).

Regarding Petitioner's claim that his counsel was ineffective for failing to cross-examine the victim at sentencing, he provides no further support for this general claim. He fails to demonstrate that "there is a reasonable probability" that, but for his counsel's failure to cross-examine the victim, "the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. For this reason, the claim must fail. *See Id.*; *Williams*, 529 U.S. at 393 n.17.

Furthermore, Petitioner's counsel's affidavit in the state habeas proceedings stated:

> With regard to why I did not question the complainant in the punishment hearing, it was because this woman was a sympathetic figure in the eyes of the jury in my opinion. By the verdict, it was apparent the jury believed her version of the facts. To try and aggressively question her at the punishment phase would not have benefitted [Petitioner]. To have the jury feeling as though I was re-victimizing the complainant would not have been a good thing.
>
> Finally, with regard to punishment evidence favorable to [Petitioner], I can only put forth what was given to me. Since [Petitioner] was unable to provide me information that would have put his life in a favorable light, I could not give the jury information that I did not have.

(Doc. 21-21 at 14.)

The TCCA denied this claim in the state habeas proceeding, stating:

> [Counsel] did not question the complainant at punishment because, in his opinion, the jury viewed her as a sympathetic figure. The verdict indicated that the jury believed her. Aggressively questioning her at punishment would not have benefitted

> [Petitioner].
>
> [Counsel] did not present any witnesses at punishment or submit any of [Petitioner's] "positive attributes" because [Petitioner] did not provide him any such evidence.
>
> . . . .
>
> [Petitioner] has failed to prove that he received ineffective assistance of counsel. [Petitioner] did not prove that counsel's representation fell below an objective standard of reasonableness. Nor did he prove that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have differed.
>
> [Petitioner] has not been denied any of the rights guaranteed him by the United States Constitution or the Texas Constitution. [Petitioner] is legally confined and restrained.

(Doc. 2121 at 12.) Petitioner fails to demonstrate the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of facts. *Williams*, 529 U.S. at 402-03 (2000). He fails to show there was no reasonable basis for the TCCA to deny relief on his ineffective assistance of counsel claims. *Richter*, 562 U.S. at 98.

### IV. ACTUAL INNOCENCE

Petitioner appears to argue that he is actually innocent because his counsel provided ineffective assistance by failing to request further additional DNA testing. *See* doc. 10 at 18-21.

**A.    Exhaustion**

As stated, a petitioner must fully exhaust state remedies by fairly presenting the factual and legal basis of any claim to the highest state court for review before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b); *Johnson*, 712 F.3d at 231. A Texas prisoner may satisfy this requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in an application for a state writ of habeas corpus under Article 11.07 of the Texas Code

13

of Criminal Procedure. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). Failure to exhaust is generally a procedural bar to federal habeas review, although the federal court may excuse the bar if the petitioner can demonstrate either cause or prejudice for the default or that the court's failure to consider the claims will result in a fundamental miscarriage of justice. *Ries v. Quarterman*, 522 F.3d 517, 523-24 (5th Cir. 2008) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

The State argues that Petitioner failed to exhaust this claim. (*See* doc. 22 at 22-24.) It argues that although he "raised an actual innocence claim and multiple ineffectiveness of trial counsel claims on state habeas, he did not raise the same actual innocence claim or the underlying ineffective assistance claim that he does now. Specifically, he did not allege that he was actually innocent because his trial counsel was ineffective for failing to request additional DNA testing, as he does here. . . . Further, he did not raise any claim on state habeas regarding the need for additional DNA testing or any additional DNA results from those presented at trial." (*Id*. at 23.)

Petitioner did not raise this issue to the TCCA, either in his PDR, *see* doc. 20-20, or in his *pro se* response to his counsel's *Anders* brief. (*See* doc. 20-17.) In Ground Four of his state habeas petition, he argued:

> [Petitioner] is actually innocent of committing the charged crime. His trial counsel was ineffective, resulting in [Petitioner] being found guilty and sentenced to seventy-five years' imprisonment. There are many things that show that [Petitioner] is actually innocent of this crime. The alleged victim could not identify [Petitioner] as the perpetrator. (RR4:51). In fact, she stated that it was [Petitioner's] counsel who sexually assaulted her, when asked by the prosecution to identify him. (RR4:50). The alleged victim also stated that the perpetrator had gold teeth. (RR4:196). [Petitioner] does not have gold teeth.
>
> Paul Brown, the driver of the vehicle the perpetrator hit as he was fleeing the scene, testified that he did not see the perpetrator in the courtroom. (RR4:112).
>
> Additionally, there is DNA evidence that proves that an "unknown male" committed the offense. Testing of a swab from the alleged victim did not contain [Petitioner's] DNA. The bed sheet from the bed where the alleged assault occurred, did not contain

14

>  [Petitioner's] DNA, not even one epithelial cell (skin cell). (RR4:244).
>
> The perpetrator was said to have worn a red cap. This cap was found in the alleged victims vehicle after the accident. On the cap, the forensic testing lab found semen. However, the semen did not contain [Petitioner's] DNA, the DNA belonged to an unknown male. (RR4:224,241-242).
>
> Had [Petitioner's] trial counsel not been ineffective, [Petitioner] would have been found not guilty. (See Grounds One through Three).

Doc. 21-23 at 65-66. Although Petitioner does state that his trial counsel was ineffective in his actual innocence claim (Ground Four), he relates the ineffective-assistance argument to his "Grounds One through Three." *See id.* Grounds One, Two, and Three of Petitioner's state habeas petition did not concern actual innocence. *See id.* at 61-65. Furthermore, Petitioner's actual innocence claim in his state habeas petition does not reference his counsel's failure to request further DNA testing. *See id.* A clear reading of Ground Four demonstrates that the state habeas court appropriately addressed the claim as a "challenge [to] the sufficiency of the evidence presented at [Petitioner's] trial for aggravated sexual assault." (Doc. 21-23 at 75.)

Because the Petitioner's claim of actual innocence in the instant federal habeas petition is not substantially equivalent of the claim presented to the TCCA, it does not meet the "fairly presented" requirement and is therefore not properly exhausted. *See Whitehead*, 157 F.3d at 387. This failure to exhaust state court remedies constitutes a procedural default that bars consideration of the claim. *Morris v. Drekte*, 413 F.3d 484, 491-92 (5th Cir. 2005); *Ries*, 522 F.3d at 523-24. Petitioner has not alleged or demonstrated cause for the default and actual prejudice, or that a fundamental miscarriage of justice would occur if the Court refused to consider his claims. *See Coleman*, 501 U.S. at 750.

**B.** **Exception**

Petitioner cites to *Schlup v. Delo*, 513 U.S. 298 (1995), and argues that the "actual

15

innocence" exception to the rules regarding procedural bar applies in this case and allows consideration of his petition. (*See* doc. 10 at 19-20; doc 23 at 3-7.)

The Supreme Court has held that "actual innocence, if proved, serves as a gateway through which the petitioner may pass whether the impediment is a procedural bar . . . or expiration of theAEDPA statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). It has explained that "tenable actual-innocence gateway pleas are rare; 'a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* (citing *Schlup*, 513 U.S. at 298); *see also House v. Bell*, 547 U.S. 518, 538 (2006) (emphasizing that the *Schlup* standard is "demanding" and seldom met). A credible claim of actual innocence requires the "petitioner to support his allegations of constitutional error with new reliable evidence– whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner does not specify the DNA evidence that allegedly demonstrates he is actually innocent. (*See* doc. 3 at 6; doc. 10 at 18-21.) He references his motion for post-conviction forensic DNA testing that he filed with the trial court, in which he requested further DNA testing because "no DNA fluids had been left by [the victim's] attacker pertaining to a sexual assault." (*See* doc. 10 at 20; doc. 21-3 at 2.) The trial court ordered the testing. (*See* doc. 21-7, 21-8, 21-9.) The additional DNA tests demonstrated that no biological material from Petitioner was found in the victim's mouth. (*See* doc. 21-13.) These results fail to demonstrate Petitioner is actually innocent under the *Schlup,* however. Furthermore, the fact that no DNA from Petitioner was found in the victim's mouth was presented at trial. (*See* doc. 20-5 at 243-44.) He has not even met the initial requirement to present new evidence, much less shown that in light of new reliable DNA evidence

16

not presented at trial, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. Petitioner has failed to provide new "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial" in order to overcome the procedural bar. *See Schlup*, 513 U.S. at 316.

### VII. RECOMMENDATION

The petition for habeas corpus relief under 28 U.S.C. § 2254 should be **DENIED** with prejudice.

**SO RECOMMENDED** on this 27th day of March, 2019.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE